**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JASON PERRY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WILMER CUTLER PICKERING HALE & DORR LLP,<br><br>Defendant. | Case No. 1:26-cv-2470 |
| EMILY EGAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WILMER CUTLER PICKERING HALE & DORR LLP,<br><br>Defendant. | Case No. 1:26-cv-2663 |

**PLAINTIFF'S UNOPPOSED MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs in the above-captioned actions ("Plaintiffs"), individually, and on behalf of all those similarly situated, respectfully request the Court: (1) pursuant to Fed. R. Civ. P. 42(a), consolidate the two actions ("Related Actions") into the first-filed *Perry* action, as well as any other future related actions filed or transferred against Defendant Wilmer Cutler Pickering Hale & Dorr LLP, Inc. ("Defendant") under the new case style: "*In re Wilmer Cutler Pickering Hale & Dorr LLP, Data Breach Litigation*"; (2) pursuant to Fed. R. Civ. P. 23(g)(3), appoint Laura Grace Van Note of Cole & Van Note, Leigh S. Montgomery of Ellzey Kherkher Sanford Montgomery, LLP and Mariya Weekes of Milberg PLLC as Interim Co-Lead Class Counsel and David Hilton

Wise of Wise Law Firm PLC as Interim Liaison Class Counsel (collectively, "Proposed Interim Co-Lead Class Counsel"); and (3) stay the Related Actions, including any of the Defendant's responsive pleading deadlines, pending the filing of a consolidated class action complaint ("Consolidated Complaint") within 30 days of entry of an order consolidating the cases and appointing leadership.

Pursuant to Local Civil Rule 7(m), counsel for Plaintiffs certifies that counsel conferred with counsel for Defendant regarding the relief requested in this Motion. Defendant does not oppose the requested consolidation of the related cases, and Defendant takes no position as to Plaintiffs' request for appointment of Interim Co-Lead Class Counsel.

For the reasons set forth in the accompanying Memorandum of Law in Support of this motion contemporaneously filed herewith, Plaintiffs respectfully submit that consolidation is warranted under Rule 42(a) because the Related Actions involve common questions of law and fact and arise out of the same alleged Data Breach. Likewise, appointment of Proposed Interim Co-Lead Class Counsel is appropriate under Rule 23(g) to ensure the efficient prosecution of this matter and to protect the interests of the proposed Class. Accordingly, Plaintiffs' motion should be granted.

## I. <u>INTRODUCTION</u>

Plaintiffs Jason Perry, and Emily Egan ("Plaintiffs"), on behalf of themselves and all others similarly situated, hereby submit Plaintiffs' Unopposed Motion to Consolidate this case into *In re Wilmer Cutler Pickering Hale & Dorr LLP*, No. 1:26-cv-2470 (D.D.C.), and Appoint Interim Co-Lead Class Counsel (the "Motion").

First, Plaintiffs respectfully move the Court to consolidate *Perry v. Wilmer Cutler Pickering Hale & Dorr LLP*, No. 1:26-cv-2470 (D.D.C.), *Egan v. Wilmer Cutler Pickering Hale*

*& Dorr LLP*, No. 1:26-cv-2663 (D.D.C.) (the "Related Actions"), including any subsequently filed or transferred related actions, for all purposes pursuant to Federal Rule of Civil Procedure 42(a) and Local Civil Rule 40.5.

Second, Plaintiffs respectfully move the Court to appoint Laura Van Note of Cole Van Note, Leigh S. Montgomery of Ellzey Kherkher Sanford Montgomery, LLP and Mariya Weekes of Milberg PLLC as Interim Co-Lead Class Counsel under Federal Rule of Civil Procedure 23(g), and to appoint David Hilton Wise of Wise Law Firm, PLC as interim liaison counsel ("Proposed Class Counsel").

The Related Actions involve the same Defendant Wilmer Cutler Pickering Hale & Dorr LLP ("Wilmer" or "Defendant")—and the Related Actions all arise from the same data breach (the "Data Breach") that allegedly impacted Defendant on May 8, 2026. See Perry, Dkt. 1 ¶ 2, Egan Dkt. 1. Plaintiffs in the Related Cases conferred with Defendant regarding this Motion, and Defendant agreed to not oppose the Motion and the relief requested herein. See Joint Declaration of Counsel ("Joint Decl."), ¶ 2. For the reasons provided below, Plaintiffs respectfully request that the Court grant the Motion, and a proposed order is submitted herewith.

## II. <u>FACTUAL BACKGROUND</u>

### A. <u>Defendant and the Data Breach.</u>

Defendant is a for-profit law firm based in the District of Columbia. Wilmer Cutler Pickering Hale & Dorr LLP is an international law firm with more than 1,100 lawyers located throughout 12 offices in the United States and Europe. See Perry, Dkt. 1, ¶ 20. On May 8, 2026, Defendant was impacted by the Data Breach—which allegedly impacted the personally identifiable information ("PII") of Defendant's current and former customers (the "Class" or "Class Members"). See Perry, Dkt. 1, ¶ 2, Egan, Dkt. 1 ¶ 2. On or around July 10, 2026, Defendant

began providing notice of the Data Breach to Plaintiffs and Class Members. See Perry, Dkt. 1, ¶ 3, Egan, Dkt. 1 ¶ 2. Plaintiffs Perry and Egan, among others, are current or former customers and/or employees of Defendant who were impacted by the Data Breach.

### B. Plaintiffs filed the Related Actions.

On July 14, 2026, and July 29, 2026, Plaintiffs separately filed the Related Actions in this Court. See generally Perry, Dkt. 1, Egan, Dkt. 1. The two Related Actions allege similar injuries arising from the Data Breach— including, inter alia, increased risk of identity theft and fraud, lost time, emotional injuries, property damage to their PII, and invasion of privacy. See Perry, Dkt. 1, ¶ 69; Egan, Dkt. 1, ¶ 172. The two Related Actions bring similar claims—i.e., negligence, negligence per se, invasion of privacy, breach of implied contract, and unjust enrichment. See See Perry, Dkt. 1, ¶ 69-106; Egan, Dkt. 1, ¶ 172-214.

Furthermore, the Related Actions all propose similar Nationwide Classes. Joint Decl. ¶ 3. The Perry Action proposes a Nationwide Class of "All individuals within the United States of America whose Private Information was exposed to unauthorized third parties as a result of the data breach purportedly discovered by Defendant on or before May 8, 2026." See Perry, Dkt. 1, ¶ 22. Similarly, the Egan Action proposes a Nationwide Class of "All persons whose Private Information was compromised because of the May 2026 Data Breach." See Egan, Dkt. 1, ¶ 161.

## III. ARGUMENT

### A. The Court should consolidate the Related Actions.

Under Rule 42(a), when "actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]" Fed. R. Civ. P. 42(a). Local Civil Rule 40.5 further establishes that courts may consolidate "related cases" which are defined as cases that "(i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same

event or transaction or (iv) involve the validity or infringement of the same patent." LCvR 40.5(a)(3).

For example, in the analogous case *Togba et al. v. Chemonics International, Inc*., the District Court for the District of Columbia consolidated two related data breach class actions. No. 1:24-cv-03510 (D.D.C.), Dkt. 5 (March 17, 2025). There, the plaintiffs asserted claims arising from a 2023 data breach that impacted defendant. *Id*., Dkt. 4, at 1–4. Thereafter, the Court consolidated the data breach cases—explaining that consolidation would "promote judicial efficiency and orderly case management while avoiding unnecessary cost and delay." *Id*., Dkt. 4, at 1. Similarly, in *Small v. Vanda Pharms. Inc.*, the Court granted consolidation of two related class actions—which asserted similar claims "arising out of the same alleged [conduct] . . . on behalf of the same putative class[.]" 10 F. Supp. 3d 6, 11 (D.D.C. 2013). Based on those similarities, the court remarked that the "cases are well suited for consolidation[.]" *Id*.

Like *Togba* and *Small*, consolidation of the Related Actions is appropriate and will promote judicial efficiency. For one, Rule 42(a) is satisfied because the Related Actions involve "common question of law or fact[.]" And Local Civil Rule 40.5 is satisfied because the Related Actions "involve common issues of fact" and "grow out of the same event[.]" Specifically, the Related Actions involve common questions including, inter alia, (i) whether Defendant had a duty to use reasonable care; (ii) whether Defendant failed to implement reasonable data security; and (iii) whether Plaintiffs and Class Members suffered damages. And the Related Actions all "grow out of the same event" (i.e., the Data Breach that allegedly impacted Defendant on or around May 18, 2025). Thus, the Court should consolidate the Related Actions.

**B. <u>The Court should appoint the proposed Interim Co-Lead Class Counsel.</u>**

Under Rule 23(g), "a court that certifies a class must appoint class counsel" after considering several factors. See Fed. R. Civ. P. 23(g)(1). Specifically, the court "must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A). Additionally, the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]" Fed. R. Civ. P. 23(g)(1)(B). Broadly speaking, class counsel must be "adequate." See Fed. R. Civ. P. 23(g)(4) ("Class counsel must fairly and adequately represent the interests of the class.").

Prior to certification, the court may also appoint "Interim Counsel." Fed. R. Civ. P. 23(g)(3) ("The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."). On this point, "[t]he same factors governing the appointment of class counsel apply when appointing interim class counsel." *McFadden v. Nationstar Mortg. LLC*, No. 20-166, 2022 U.S. Dist. LEXIS 237320, at *4 (D.D.C. Mar. 31, 2022). Notably, "[t]he designation of interim class counsel is especially encouraged in cases . . . where there are multiple, overlapping class actions that require extensive pretrial coordination." Id. (quoting *Deangelis v. Corzine*, 286 F.R.D. 220, 223 (S.D.N.Y. 2012)). After all, "interim class counsel may be helpful in . . . making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id.* (quoting *Roe v. Arch Coal, Inc.*, No. 4:15-CV-910, 2015 U.S. Dist. LEXIS 148057, at *7 (E.D. Mo. Nov. 2, 2015)).

For example, in the analogous data breach case *Togba*, the District Court for the District of Columbia appointed Interim Co-Lead Counsel—reasoning that "appointment of interim co-lead class counsel in this proposed consolidated action will promote judicial efficiency and orderly case management while avoiding unnecessary cost and delay." No. 1:24-cv-03510, Dkt. 5, at 1. Similarly, in *Small*, the Court appointed lead counsel because the proposed firm had "substantial experience" in similar class action litigation. 10 F. Supp. 3d at 14.

Like *Togba* and *Small*, the Court should appoint the proposed Interim Co-Lead Counsel. As detailed below, the Rule 23(g)(1)(A) factors support appointment. And the proposed Interim Co-Lead Counsel will "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). In support, the firm resumes of the proposed Interim Co-Lead Counsel are attached as Exhibits 1-3.

First, Rule 23(g)(1)(A)(i) supports appointment because proposed Interim Co-Lead Counsel already dedicated a substantial amount of time to identifying and investigating the viable claims arising from the Data Breach. Joint Decl. ¶ 5. For example, proposed Interim Co-Lead Counsel already invested time researching the Data Breach, interviewing potential class representatives, investigating the viability of the potential claims, and drafting the complaints. *Id*.

Second, Rule 23(g)(1)(A)(ii) supports appointment because proposed Interim Co-Lead Counsel are highly experienced in complex class action litigation—and have litigated the claims asserted (e.g., negligence, breach of implied contract, unjust enrichment) in hundreds of cases. *Id*. ¶¶ 6, 8.

Third, Rule 23(g)(1)(A)(iii) supports appointment because proposed Interim Co-Lead Counsel have substantial "knowledge of the applicable law." *Id*. ¶ 7. Indeed, proposed Interim Co-Lead Counsel are currently litigating over one-hundred data breach class actions in state and

federal courts across the country. *Id.* ¶ 8. In doing so, proposed Interim Co-Lead Counsel have developed an expertise in data breach litigation. Id.

Fourth, Rule 23(g)(1)(A)(iv) supports appointment because proposed Interim Co-Lead Counsel are well-regarded law firms with national class action practices—and have a demonstrated history of successfully litigating complex class actions on a wholly contingent basis. *Id.* ¶ 10. In other words, proposed Interim Co-Lead Counsel have the necessary resources—both in terms of personnel and financial reserves—to litigate the Related Actions on a wholly contingent basis for the duration of the litigation. *Id.* ¶ 9.

In sum, the Rule 23(g)(1)(A) factors support the appointment of proposed Interim Co-Lead Counsel. And as demonstrated by Togba and Small, appointment will "promote judicial efficiency and orderly case management while avoiding unnecessary cost and delay." Thus, the Court should appoint the proposed Interim Co-Lead Class Counsel.

**1. <u>Ms. Van Note is Qualified to Serve as Interim Co-Lead Class Counsel</u>[1]**

Laura Van Note is a shareholder of Cole & Van Note ("CVN"), a firm based out of Oakland, California. CVN is a class action centric and boutique practice devoted to prosecuting privacy, including data breaches, employment, environmental and/or consumer fraud complex cases. In its over 30-year history, CVN has prosecuted hundreds of class and/or complex/representative cases, some of the more unique ones being identified in the firm's professional resume.

Many of these cases involve(d) some or all of the same legal issues as are presented in the current action. While almost entirely devoted today to prosecuting cyber-security class actions, the firm's past experiences run deep across various areas of the law—from employment wage and

[1] Cole & Van Note's Firm Résumé attached as Exhibit 1.

hour and discrimination cases, to consumer, personal injury and environmental class actions/mass tort cases. CVN has successfully achieved class certification, settlements and judgments in varied factual scenarios, just some of the more unique, difficult or groundbreaking situations being set forth in the firm's resume. Some better-known and/or "game changing" cases include *Kullar v. Foot Locker Retail, Inc.* (2008) 168 Cal.App.4th 116 (Case No. A119697) (setting the standard for settlement approval in California state courts); *Augustus (Davis) vs. ABM Security Services*., Supreme Court of California Case No. S224853 (establishing a new Supreme Court standard for workplace rest periods; $110 million settlement); *Despres v. United Parcel Service, Inc*., Case Nos. 3:03-CV-02987 (TEH) and 3:03-CV-02001 (TEH) (N.D. Cal.) (historic $87 million settlement in meal break-only case); *Kurihara v. Best Buy Co., Inc.*, 2007 U.S. Dist. LEXIS 64224 (N.D. Cal. Aug. 29, 2007) (class cert. granted and clarifying distinction between class composition and entitlement to a recovery); *Tierno v. Rite Aid Corp.,* 2006 U.S. Dist. LEXIS 71794 (N.D. Cal. Aug. 31, 2006) (oft-cited ruling certifying a class of retail Store Managers alleging overtime misclassification; $6.9 million settlement); *Fulton v. Sports and Fitness Clubs of America, dba 24 Hour Fitness, USA, Inc.,* Case No. GIC881669 (Super. Ct. Cal. San Diego Cnty.), (consolidated with Case No. GIC873193) (industry changing case that helped define "piece rate" standard under the law; class certification and then summary judgment granted; $19 million resolution); *In Re Westley Tire Fire Litigation*, Case No. CV 801282 (Super. Ct. Cal. Santa Clara Cnty.) (lead counsel in toxic 7 million automobile tire fire that impacted up to one third of the State of California); *In Re Unocal Refinery Litigation*, Case No. C94-04141 (Super. Ct. Cal. Contra Costa Cnty. (Steering Committee in massive toxic chemical release and topic of Mr. Cole's book, "Fallout"); *In Re: Apple Inc. Device Performance Litigation*, Case No. 5:18-md-02827-EJD (N.D. Cal.) (Steering

Committee in consumer fraud case); *In Re Tosco SFR Litigation* (C97-01637 (Super. Ct. Cal. Contra Costa Cnty.) (Lead Counsel in massive 1997 toxic airborne release over multiple towns).

Currently, CVN is devoted almost entirely to the prosecution of data breach class actions, with the vast bulk of its caseload being cases involving almost identical legal and factual issues to those presented in the instant case. In these matters, CVN serves in a variety of roles, oftentimes in various leadership positions. For example, CVN has served as court-appointed lead or co-lead counsel in dozens of data breach matters, including, but not limited to: *Henderson, et al. v. Reventics, LLC*, Case No. 1:23-cv-00586-MEH (D. Colo.) (court appointed co-lead counsel); *Hinds, et al. v. Community Medical Centers, Inc.*, Case No. STK-CV-UNPI-2021-10404 (Super. Ct. Cal. San Joaquin Cnty.) (court appointed co-lead counsel); *Tsvetanova, et al. v. UCSD Health*, Case No. 37-2021-00039888-CU-PO-CTL (Super. Ct. Cal. San Diego Cnty.) (court appointed co-lead counsel); *In Re: Rackspace Data Security Litigation*, No.: SA-22-cv-01296-XR (W.D. Tex.) (court appointed lead counsel); *Fedorys, et al. v. Ethos Group Inc.*, Case No. 3:22-cv-2573-M (N.D. Tex.) (court appointed co-lead counsel); *Moreland, et al. v. 1st Franklin Financial Corporation*, Case No. 2:23-cv-00038-SCJ (N.D. Ga.) (court appointed co-lead counsel); *Domitrovich, et al. v. MC Dean, Inc.*, Case No. 1:23-cv-00210-CMH-JFA (E.D. Va) (court appointed co-lead counsel); *Deevers, et al. v. Wing Financial Services, LLC.*, Case No. 4:22-cv-00550-CVE-MTS (N.D. Okla.) (court appointed co-lead counsel); *Darrin v. Huntington Ingalls Industries, Inc.*, Case No. 4:23-cv-00053-JKW-DEM (E.D. Va.) (court appointed co-lead counsel); *Guerrero v. Merritt Healthcare Holdings, LLC*, Case No. 3:23-cv-00389-MPS (D. Conn.) (court appointed co-lead counsel); *Prutsman v. Nonstop Administration and Insurance Services, Inc.*, Case No. 3:23-Cv-01131-VC (N.D. Cal.) (court appointed co-lead counsel); *In re DISH Network Data Security Incident Litigation,* Case No. 1:23-cv-01168-RMR-SBP (D. Colo.)

(court appointed co-lead counsel); *Byers v. Orthoalaska, LLC,* Case No. 3:23-cv-00243-SLG (D. Alaska) (court appointed co-lead counsel); *Tambroni v. Wellnow Urgent Care, P.C.*, Case No. 1:24-cv-01595 (N.D. Ill.) (court appointed co-lead counsel); *Dryden v. Tri Counties Bank*, Case No. 23CV03115 (Super. Ct. Cal. Butte Cnty.) (court appointed co-lead counsel); *Brett v. Valley Mountain Regional Center*, Case No. STK-CV-UPl-2024-0005025 (Super. Ct. Cal. San Joaquin Cnty.) (court appointed co-lead counsel); *Cordell v. Patelco Credit Union*, Case No. 24CV082095 (Super. Ct. Cal. Alameda Cnty.) (court appointed co-lead counsel); *Skillings, et al., v. Access Sports Medicine and Orthopedics*, Case No. 218-2024-CV-01086 (Super. Ct. New Hampshire Rockingham Cnty.) (court appointed co-lead counsel); *Bujok v. MC2 Data, LLC*, Case No. 0:24-cv-61864-LEIBOWITZ (S.D. Fla.) (court appointed co-lead counsel); *Francisco v. Diligent Acquisitions LLC*, Case No. 4:24-cv-04468 (S.D. Tex.) (court appointed co-lead counsel); *Oliver v. Jewish Home Lifecare* (N.Y. Sup. Ct., N.Y. County, Index No. 157811/2024) (court appointed co-lead counsel); *Lunsford v. Maryhaven Inc.*, Case No. 25CV003753 (Ct. of Common Pleas, Franklin Cty. Ohio) (court appointed co-lead counsel); *Rice v. California Cancer Associates for Research and Excellence, Inc.*, Case No. 5:25-cv-01636 (C.D. Cal.) (court appointed co-lead counsel); *In re Teamsters Local Union Nos. 117 and 174 Data Breach Litigation*, Case 25-3-21664-1 KNT (Wash. Sup. Ct., King Cty.) (court appointed co-lead counsel); *Bobo, et al. v. Krispy Kreme Doughnut Corp*., Case No. 3:25-CV-00434 (W.D. N.C.) (court appointed co-lead counsel); *Hammon, et al. v. Omni Healthcare Financial Holdings*, Case No. 3:25-CV-00263 (W.D. N.C.) (court appointed co-lead counsel); *Smith v. Monterey Mushrooms*, Case No. 25-cv-08213-BLF (N.D. Cal 2025) (court appointed co-lead counsel); *Poudrier v. Manpower of Lansing, MI, Inc*., Case No. 1:25-cv-00956-PLM-PJG (W.D. MI 2025) (court appointed co-lead counsel); *Miller v. Mercer Health, et al*., Case No. 25-CIV-037 (Common Ct. of Pleas, Mercer Cnty. Ohio) (court

appointed co-lead counsel); *Parks v. Rural Health Services, Inc*., Case No. 2025CP0201622 (So. Carolina, Aiken Cnty, Common Pleas) (court appointed co-lead counsel); *Orrantia v. S.V.D.P. Management, Inc*., Case No. 25CU048774C (Super. Ct. Cal., San Diego Cnty.) (court appointed co-lead counsel); *Walker v. Wayne Memorial Hosp. Auxiliary, Inc*., Case No. SUCV2025000245 (Ga., Wayne Cnty) (court appointed co-lead counsel); *In re Methodist Home Care Data Incident Litigation*, Case No. CV2025-904388.00 (Cir. Ct. Jefferson Cty., Ala.) (court appointed co-lead counsel).

CVN also serves in more informal (e.g., Executive Committee) leadership positions in numerous other data breach cases and in sole counsel roles in even dozens more—actions currently venued across well over 30 states. CVN, thus, possesses the experience and ample resources to lead the current case(s), once consolidated, and will continue to do so throughout this litigation.

Further information about Cole & Van Note is set forth in the firm résumé attached as **Exhibit 1**.

**2. Leigh S. Montgomery is Qualified to Serve as Interim Co-Lead Class Counsel[2]**

Leigh S. Montgomery has over eighteen years of plaintiff's litigation and trial experience, including substantial experience in the class action and appellate contexts. She is a founding member of Ellzey Kherkher Sanford Montgomery, LLP and leads the litigation section of the firm. She has extensive class action litigation experience, including in class certification briefing, trial and appeal. *See, e.g., Mattson v. New Penn Financial, LLC*, Case No. 3:18-cv-00990 (D. Or.), on appeal at 2023 WL 2624783 (9th Cir. March 23, 2023) (vacating denial of class certification and

[2] Ellzey Kherkher Sanford Montgomery, LLP's Firm Résumé attached as Exhibit 2.

remanding); *Williams v. The Pisa Group, Inc.*, Case No. 2:18-cv-04752 (E.D. Pa.) (certifying TCPA class, final approval granted); *Sides v. Radiologic Medical Services, P.C.*, Case No. CVCV085927 (District Court for the State of Iowa, Johnson County)(certifying a contested data breach class).

Ms. Montgomery also prosecuted many data breach class actions to conclusion. She has been appointed a leadership role and/or acted as settlement class counsel in the following data breach cases: *In re Bon Secours Mercy Health Data Breach Litigation,* Case No.1:24-cv-594, (S.D. OH)(Interim Class Counsel and Settlement Class Counsel)*; In re AACOM Data Breach Litigation,* Case No. 8:25-cv-01239, (D. MD)(same); *William Matiesak et al. v Mystic Valley Elder Services, Inc.* Case No. 2481CV02873, (Massachusetts)(same)*; Matthew Egner et al., v Goodwill Industries of Southwest Oklahoma and North Texas, Inc.,* Case No. CJ-2025-189; (District Court of Comanche County, Oklahoma)(same); *Trevor Burge, et al v. Mason Construction, LLC,* Cause No. 24-DC-CV-2053 (District Court of Jefferson County, Texas)(same); *In re Mainline Health Systems, Inc.*, Case No. 22CV-25-123 (Drew County Circuit Court, State of Arkansas)(same); *Amish Parikh v The Kendal Corporation*,; Case No. 2:25-cv-00129 (E.D. PA)(Settlement Class Counsel); *Springer et al. v. Johnson and Wales University,* Case No. 1:24-cv-00399(D. R.I)(same); *Johnson v KYB America Corporation*, Case No. No. 49D01-2508-CE-38312 (Marion County Indiana Commercial Court)(same); *Richardson v Cumberland Heights Foundation, Inc.,* Case No. 24-1258-I (Chancery Court for the Twentieth Judicial District Court, Davidson County, TN)(same); *Woodward et al v North Cottage Program, Inc.,* Case No. 2473CV00710 (Bristol County Superior Court, MA)(same)*; Gerken/Brown v Lighthouse Electric Company*, Case No. CV-2026-01588 (27th Judicial District Court of Common Pleas, Washington County, PA)(same); *In Re Oracle Corporation Data Breach*, Case No. 1:25-cv-01805 (W. D. TX)(Executive

Committee); *In Re Cierant Corporation Data Breach Litigation*, Case NO. 3:25-cv-01095 (D. CT)(same); *In Re SitusAMC Holding Corporation Data Breach*, Case No. 1:25-cv-09748 (S.D. NY)(same); *In Re Legacy Treatment Services Data Security Incident Litigation,* Case No. 1:25-cv-14968 (D. NJ)(same).

Ms. Montgomery and her firm successfully defeated motions to dismiss data security matters in the following cases in which EKSM was the lead counsel: *Tina Clayton v PruittHealth, Inc*., Case No. 1:24-cv-02960 (N.D. GA); *Chase Barnes v Key Tronic Corporation,* Case No. 2:25-cv-0081 (E.D. WA); *Jeremy McMullen v Michigan Masonic Home, d/b/a Masonic Pathways, d/b/a Pace Central Michigan,* Case No. 25-00698 (Circuit Court Gratiot County, MI); *Jacob Baggett v State University of New York at Niagara, Niagara County Community College,* Case No. 1:24-cv-645 (W.D. NY); *Castillo v. Berry Bros. Gen. Contractors, Inc.*, Case No. 6:24-cv-01723 (W.D. La.); *Stokes v. A.Y. McDonald Industries, Inc.*, Case No. 2:26-cv-01002 (S.D. Iowa).

Outside of the data breach context, Ms. Montgomery an active nationwide consumer class action practice. She has served as counsel in class actions matters from the filing of the complaint to final approval of the settlement, including briefing and arguing class certification. *See, e.g., Heath et al. v. TFS Dining, LLC*, et al., Case No. 1:20-cv-899 (W.D. Tex.) (obtaining summary judgment on employee status and a final judgment on all damages after a jury trial); *Johnson et al. v. Houston, LP, LLC, et al.*, Case No. 4:20-cv-00663 (S.D. TX) (Summary Judgment on issue of employee misclassification and affirmative defenses, and fees awarded); *Garcia et al. v. Toezpecunia, Inc.*, Case No. 6:22-cv-00639 (D. Or.) (Summary judgment on all major liability issues, including willfulness determination); *Ted Entertainment, Inc. et al., v Snap, Inc.* Case No. 2:26-cv-00754 (Central District CA) and *Ted Entertainment, Inc. et al., v Nvidia Corporation*, Case No. 5:25-cv-10287 (N.D. CA).

Ms. Montgomery has knowledge of the facts and applicable law in the case, including knowledge relevant to Defendant. She has conducted discovery, depositions, class certification briefing and argument, as well as interlocutory appeals in class action cases. Ms. Montgomery's extensive class action experience and knowledge of data security cases will allow her to effectively and meaningfully contribute to the representation of the class.

Further information about Ellzey Kherkher Sanford Montgomery, LLP is set forth in the firm résumé attached as **Exhibit 2**.

### 3. Mariya Weekes is Qualified to Serve as Interim Co-Lead Class Counsel[3]

Mariya Weekes is a partner at the international plaintiffs' class action firm Milberg, PLLC ("Milberg"). Since Milberg's founding in 1965, it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[4] Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court.[5] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing. Milberg is recognized as having one of the most respected data privacy practice groups in the United States, having been ranked by Chambers and Partners as Band 3 for Privacy & Data Security Litigation (2024). Law360 recently highlighted Milberg's work in the privacy space. Milberg has more than 100 attorneys on staff and

[3] Milberg, PLLC's Firm Résumé attached as Exhibit 3.

[4] *See, e.g., In re Tyco International Ltd., Securities Litigation*, MDL 1335 (D.N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Insurance Co. Sales Practice Litigation*, No. 95-4704 (D.N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also* https://milberg.com/outstanding-recoveries/.

[5] *See* https://milberg.com/precedent-setting-decisions/page/3/.

has offices across the United States and the European Union. Milberg has more than 100 attorneys on staff and has offices across the United States and the European Union.

Ms. Weekes is a former Florida State Circuit Court Judge, elected to the bench by her constituents. As a Florida Circuit Court Judge, she presided over thousands of complex cases, hundreds of trials, and motions. In her capacity as a Circuit Court Judge, she served on the Circuit's appellate panels reviewing appeals from the lower trial Courts and administrative agencies. Before ascending to the bench, she practiced as a trial lawyer representing individuals and corporations in complex cases throughout the State of Florida. As a practicing attorney, she has personally tried dozens of jury trials to verdict and has participated in many significant cases. Both as a civil trial lawyer and former prosecutor, she has handled complex cases from their inception through appeal.

After stepping down from the bench, Ms. Weekes joined Milberg's Cybersecurity and Data Privacy Group, which has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country. See, e.g., In Re: Hot Topic Data Breach Litigation, No. 2:24-cv-9215-MEMF-AS (C.D. Cal.) (Ms. Weekes appointed co-lead counsel in a consolidated action involving more than 57 million customers); *In Re: LoanCare Data Security Breach Litig.*, No. 3:23-cv-1508-MMH-MCR (M.D. Fla.) (where Ms. Weekes was appointed co-lead counsel in a consolidated action involving more than 1.3 million consumers); *In Re: Berry, Dunn, McNeil & Parker Data Security Incident Litigation*., No. 2:24-cv-00146 (D. Maine) (Ms. Weekes was appointed to the executive committee in a consolidated action involving 1.1 million consumers); *Reichbart v. Financial Business and Consumer Solutions, Inc*., No. 24-cv-1876 (E.D. Penn.) (Ms. Weekes was appointed chair of the Plaintiffs' Executive Committee in a consolidated action involving more than 1.9 million consumers); *Morrison et al. v. Family Dollar Stores, LLC, et al*., 0:24-cv-60294-AHS (S.D.Fl.) (Ms. Weekes was appointed as

co-lead counsel in a consolidated consumer protection class action involving adulterated mediations impacting thousands of consumers across 19 States); *In Re ConnectonCall.com Data Breach Litigation*, Case No. 2:24-cv-08790-SJB-JMW (E.D NY) (Ms. Weekes appointed Interim Co-Lead Counsel); *Zayatz v. Akumin Operating Corp*., Case No. 0:24-cv-62439-RS (S.D. Fl) (Ms. Weekes appointed Interim Co-Lead Counsel); *Owings v. Medusind, Inc*., 1:25-cv-20117-RAR (S.D. Fl) (Ms. Weekes appointed interim co-lead counsel); W. v. LivaNova USA, Inc., Case No. 4:24-cv-02250 (S.D. Tex.) (Ms. Weekes was appointed Interim Co-Lead Counsel); In re Coastal Orthopedics & Sports Medicine of Southwest Florida Data Breach Litig., Case No. 2024-CA-1078AX (12th Judic. Circ. Ct. of Fla., Manatee Cnty) (Ms. Weekes was appointed Interim Class Counsel); Lomedico v. MarineMax, Inc., Case No. 8:24-cv-1784-MSS-AEP (M.D. Fla.) (appointed joint Interim Class Counsel); In re TRC Staffing Services, Inc. Data Breach Litig., Case No. 1:24-cv-02398-VMC (N.D. Ga.) (Ms. Weekes was appointed co-lead counsel); Lepore et al v. Affiliated Dermatologists & Dermatologic Surgeons, P.A., Case No. MRS-L-001091-24 (Ms. Weekes was appointed Interim Class Counsel); Owens et al v. MGM Resorts International, et al., Case No. 2:23-cv-01480-RFB-MDC (D. Nev.) (Ms. Weekes was appointed to Plaintiffs' Steering Committee); Mckinley v, Doxim, Inc. Case No. 2:24-cv-11550-TGB-CI (E.D. Mich.) (Ms. Weekes was appointed co-lead counsel); Cucuta v. FloridaCentral Credit Union, Case No. 24-CA-006065 (Hillsborough County, Fl.) (Ms. Weekes was appointed co-lead counsel).; In re: MoveIt Customer Data Security Breach Litigation, 1:23-md-03083 (D. Mass.) (where Milberg was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers).[6]Milberg's Cybersecurity and Data Privacy Group is

[6] See, also Morrill v. Lakeview Loan Servicing, LLC, Case No. 1:22-cv-20955-DPG (S.D. Fla.) (where Milberg is appointed to the leadership committee in a data breach class action involving 6 million consumers); Sherwood v. Horizon Actuarial Services, LLC, Case No. 1:22-

largely responsible for developing the favorable case law that many plaintiffs rely on in the data breach space. See e.g., Webb v. Injured Workers Pharmacy, LLC, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); In re Arthur J. Gallagher Data Breach Litig., 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); In re Blackbaud, Inc., Customer Data Breach Litig., No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) (Milberg attorneys defeated a standing challenge in a 10 million person data breach case). Further information about Milberg, PLLC is set forth in the firm résumé attached as **Exhibit 3**.

## IV. CONCLUSION

For the reasons described herein, Plaintiffs respectfully request that the Court consolidate the Related Actions pursuant to Rule 42(a) and appoint the proposed Interim Co-Lead Class Counsel pursuant to Rule 23(g).

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

1. Consolidate *Perry v. Wilmer Cutler Pickering Hale & Dorr LLP*, No. 1:26-cv-2470 (D.D.C.), and *Egan v. Wilmer Cutler Pickering Hale & Dorr LLP*, No. 1:26-cv-2663 (D.D.C.), including any subsequently filed or transferred related actions, for all purposes under the new case style: "*In re Wilmer Cutler Pickering Hale & Dorr LLP Data Breach Litigation*";

2. Appoint Laura Van Note of Cole Van Note, Leigh S. Montgomery of Ellzey Kherkher Sanford Montgomery, LLP, and Mariya Weekes of Milberg PLLC as Interim Co-

cv-01495-ELR (N.D. Ga.) (where Milberg is court-appointed co-lead counsel in a data breach class action involving 4 million consumers).

Lead Class Counsel and David Hilton Wise of Wise Law Firm, PLC as Interim Liaison Class Counsel; and

3. Stay the Related Actions, including any of the Defendant's responsive pleading deadlines, pending the filing of a consolidated class action complaint within 30 days of entry of an order consolidating the cases and appointing leadership.

Date: August 12, 2026

Respectfully submitted,

*/s/ David Hilton Wise*
David Hilton Wise (DC Bar No. 427796)
**WISE LAW FIRM, PLC**
10640 Page Avenue, Suite 320
Fairfax, Virginia 22030
Tel: (703) 934-6377
dwise@wiselaw.pro

Laura Grace Van Note*
Mark T. Freeman*
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Tel: (510) 891-9800
lvn@colevannote.com
mtf@colevannote.com

Mariya Weekes*
**MILBERG PLLC**
405 East 50th Street
New York, NY 10022
Tel: (202) 975-0468
mweekes@milberg.com

Leigh S. Montgomery*
lmontgomery@eksm.com
**ELLZEY KHERKHER SANFORD MONTGOMERY, LLP**
4200 Montrose Blvd., Suite 200
Houston, Texas 77006
Phone: (888) 350-3931

**Pro hac vice forthcoming*

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 12, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing.

*/s/ David Hilton Wise*
David Hilton Wise (DC Bar No. 427796)