**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JASON PERRY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WILMER CUTLER PICKERING HALE & DORR LLP,<br><br>Defendant. | Case No. 1:26-cv-2470 |
| EMILY EGAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WILMER CUTLER PICKERING HALE & DORR LLP,<br><br>Defendant. | Case No. 1:26-cv-2663 |

**[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE AND APPOINT INTERIM CO-LEAD CLASS COUNSEL**

Before the Court is Plaintiffs' Unopposed Motion to Consolidate this case into *In re Wilmer Cutler Pickering Hale & Dorr LLP*, No. 1:26-cv-2470 (D.D.C.), and Appoint Interim Co-Lead Class Counsel (the "Motion"). Having considered the Motion, Brief in Support, attached exhibits, and applicable law, the Court finds that the requested consolidation and appointment of Interim Co-Lead Class Counsel will promote judicial efficiency and orderly case management while avoiding unnecessary cost and delay.

It is therefore ORDERED that the Motion is GRANTED as set forth below:

1. Pursuant to Fed. R. Civ. P. 42(a), the Court consolidates *Perry v. Wilmer Cutler Pickering Hale & Dorr LLP*, No. 1:26-cv-2470 (D.D.C.), *Egan v. Wilmer Cutler Pickering Hale & Dorr LLP*, No. 1:26-cv-2663 (D.D.C.) (the "Related Actions"), including any subsequently filed or transferred related actions, for all purposes, into the lowest docketed case *Perry v. Wilmer Cutler Pickering Hale & Dorr LLP*, No. 1:26-cv-2470 (D.D.C.) (hereinafter, the "Consolidated Action").

2. Any and all current deadlines in the Related Actions are hereby vacated.

3. All deadlines in related cases filed after the date of this Order shall be automatically stayed until any further Order from the Court.

4. Plaintiffs shall file a Consolidated Amended Complaint within thirty (30) days of the date of this Order. Defendant shall answer or otherwise move to dismiss the Consolidated Complaint within thirty (30) days of the date the Consolidated Complaint is filed.

5. Pursuant Federal Rule of Civil Procedure 23(g), and having considered the factors in Rule 23(g)—including, without limitation, Rule 23(g)(1)(A)(i–iv), Rule 23(g)(1)(B), and

Rule 23(g)(4)—the Court hereby appoints Laura Van Note of Cole Van Note, Leigh S. Montgomery of Ellzey Kherkher Sanford Montgomery, LLP and Mariya Weekes of Milberg PLLC as Interim Co-Lead Class Counsel, and to appoint David Hilton Wise of Wise Law Firm, PLC as interim liaison counsel ("Proposed Class Counsel").

6. Interim Co-Lead Class Counsel will be responsible for and have plenary authority to prosecute any and all claims of Plaintiffs and the putative Class and to provide general supervision of the activities of Plaintiffs' counsel in the Consolidated Action. Specifically, Interim Co-Lead Class Counsel shall have the following responsibilities, duties, and sole authority to:

a. Draft and file a master consolidated complaint, and have final authority regarding what claims and parties are to be included;

b. Determine and present in pleadings, briefs, motions, oral argument, or such other fashion as may be appropriate, personally or by a designee, to the Court and opposing parties the position of Plaintiffs and the putative Class on matters arising during the pretrial proceedings;

c. Coordinate and conduct discovery on behalf of Plaintiffs and the putative Class consistent with the requirements of the Federal Rules of Civil Procedure and the rules of this Court;

d. Consult with and employ consultants and/or expert witnesses;

e. Draft and file a motion for Class certification on behalf of Plaintiffs and the putative Class;

f. Conduct all pre-trial proceedings on behalf of Plaintiffs and the putative Class;

g. Enter into stipulations and agreements with Defendant;

h. Sign all papers filed on behalf of Plaintiffs and the putative Class;

i. Convene meetings of all Plaintiffs' counsel, as necessary;

j. Form task-specific subcommittees of Plaintiffs' counsel, as appropriate;

k. Conduct settlement negotiations with Defendant;

l. Maintain an up-to-date service list of all Plaintiffs' counsel for all consolidated cases, and promptly advise the Court and Defendant's counsel of changes thereto;

m. Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings correspondence, and other documents from Defendant's counsel or the Court;

n. Appear at Court-noticed status conferences and hearings;

o. Be the contact persons for all Plaintiffs' counsel and as the attorneys of record with whom the Court will be dealing throughout the course of the litigation;

p. Delegate specific tasks to other Plaintiffs' counsel in a manner to avoid duplicative efforts and ensure that pretrial preparation for Plaintiffs and the putative Class is conducted effectively, efficiently, and economically;

q. Otherwise coordinate the work of all Plaintiffs' counsel, and perform such other duties as the Interim Co-Lead Class Counsel deem necessary to advance the litigation or as authorized by further Order of the Court;

r. Maintain and collect time and expense records for work performed, time billed, costs incurred, and other disbursements made by Plaintiffs' counsel whose work Interim Co-Lead Class Counsel has specifically authorized, and submit at the Court's request, in writing, ex parte and in camera reports to the Court regarding time billed in the prosecution of this action;

s. Fund the necessary and appropriate costs of discovery and other common benefit efforts; and

t. Perform such other functions as necessary to effectuate these responsibilities or as may be expressly authorized by further Order of the Court.

It is the Court's intent that, as to all matters common to these related cases—and to the fullest extent consistent with the independent fiduciary obligations owed by any and all Plaintiffs' counsel to their clients and any putative Class—pretrial proceedings shall be conducted by and through Co-Lead Interim Class Counsel.

IT IS FURTHER ORDERED that all other Plaintiffs' counsel who are or may become involved in the Consolidated Action are prohibited from taking any action on behalf of the putative Class in this Consolidated Action without advance authorization from Interim Co-Lead Class Counsel, except for an application to modify or be relieved from this Order.

IT IS FURTHER ORDERED that the mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity, as the Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.

IT IS FURTHER ORDERED that counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in the Consolidated Action, and to conduct themselves in a manner consistent with the rules of the United States District Court for the District of Columbia.

It is hereby ORDERED that this Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case.

IT IS SO ORDERED.

Emmet G. Sullivan 2026.08.18 14:45:05 -04'00'

Dated: 8/18/2026

HON. JUDGE EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE